UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ESTEBAN,<br>Plaintiff,<br>v.<br>FEDERAL EXPRESS CORPORATION,<br>Defendant. | Case No. 1:26-cv-05832-KES-EPG<br><br>ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS; SCHEDULING PRE-CONFERENCE TELEPHONIC DISCUSSION<br><br>Settlement Statements Due: March 26, 2027<br>Pre-settlement Conference: April 9, 2027<br>10:00 am (Plaintiff) and 11:00 am (Defendant)<br>Settlement Conference: April 16, 2027 |

Magistrate Judge Helena Barch-Kuchta will hold a settlement conference on April 16, 2027 at 10:00 a.m**.** by videoconference. The Zoom invitation will be distributed the week prior.[1] The Court has reserved the entire day for the conference and expects the parties to participate in good faith and to attempt to resolve all or part of the case. If any party believes the conference will not be productive, that party shall notify the Court as far in advance as possible.

////

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Patricia Apodaca, Courtroom Deputy for the Hon. Helena Barch-Kuchta, United States Magistrate Judge, at papodaca@caed.uscourts.gov.

PRESETTLEMENT EXCHANGE OF DEMAND AND OFFER

A settlement conference is more likely to be productive if the parties exchange written settlement proposals beforehand. Accordingly, no later than March 5, 2027, if not already done, Plaintiff's counsel shall submit to Defendant's counsel a written itemization of damages and a settlement demand, together with a brief explanation of why the demand is reasonable and appropriate. No later than March, 12, 2027, Defendant's counsel shall submit to Plaintiff's counsel a written offer, together with a brief explanation of why the offer is reasonable and appropriate. If the case does not settle, the parties shall include their respective demand and offer letters with the Settlement Conference Statement described below.

ATTENDANCE OF PARTIES REQURIED

Parties with full and complete settlement authority are required to personally attend the conference. *See* Local Rule 270(f). An insured party shall appear by a representative of the insurer who is authorized to negotiate and has authority to settle the matter up to the limits of the opposing parties' existing settlement demand. An uninsured corporate party shall appear through a representative authorized to negotiate and has authority to settle the matter up to the amount of the opposing parties' existing settlement demand. Except under the most extenuating circumstances, having a client with authority available by telephone is not an acceptable alternative.

MEDIATION FORMAT

The Court generally uses a mediation format: a brief joint session with opening presentations by the Court and each side, followed by private caucuses with each side. The Court expects counsel and party representatives to be fully prepared to participate. The Court encourages all parties to remain open to reconsidering prior positions and to consider creative means of resolving the dispute.

SETTLEMENT CONFERENCE STATEMENT

On or before March 26, 2027, each party must submit a Settlement Conference Statement to Judge Barch-Kuchta's chambers at hbkorders@caed.uscourts.gov. The statements should not be filed on the docket or served on any other party. Pursuant to Local Rule 270(d)-(e), the

settlement statements will be used solely by the Court to prepare for and conduct the settlement conference. They will not become part of the case file and will be shredded thereafter. If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

The statement should not exceed ten (10) pages, excluding exhibits, and should include:

1. A brief recitation of the facts and whether any facts are stipulated.

2. The issues that need to be resolved, including issues inside and outside of the lawsuit; the strengths and weaknesses of your case; and the evidence supporting each party's factual position.

3. Current costs incurred and an itemized estimate of the expected costs of further discovery, pretrial proceedings, and trial, stated in specific dollar terms.

4. The best estimate of the probability that Plaintiff will prevail at trial.

5. The best estimate of the damages or relief Plaintiff may recover at trial if Plaintiff prevails, stated in specific dollar terms and/or injunctive relief, if applicable.

6. A history of settlement discussions, including the recent demand and offer letters, and a candid statement of the party's current settlement position, including the amount that it will accept or offer to settle.

7. A list of the individuals who will attend the settlement conference, including names and, if appropriate, titles.

8. Whether any lienholders or third parties should be invited to participate in the settlement conference.

9. Any impediments to settlement, including financial, emotional, or legal barriers, and whether an insurance policy triggered by the claim. If so, identify the deductible or self-insured retention.

10. Whether there are possibilities for a creative resolution of the dispute?

11. Any pertinent exhibits, such as expert reports, medical reports, or diagrams, if appropriate.

At the outset of the settlement conference, the Court anticipates allowing counsel to make brief five-minute opening presentations outlining the factual and legal highlights of their case

before the parties separate into caucuses. The Court reserves the right to dispense with the opening presentations if they are unlikely to be productive.

CONFIDENTIALITY

The Court expects the parties to address one another with courtesy and respect. Because the parties must be able to be speak candidly and openly, consistent with Federal Rule of Evidence 408(a), all statements made during the settlement conference, whether oral or written, concerning the substance of the merits of the case shall be confidential and inadmissible for any purpose at trial if the case does not settle.

PRE-SETTLEMENT TELEPHONIC CONFERENCE

Judge Barch-Kuchta will hold a brief pre-settlement conference telephone discussion on April 9, 2027 at 10:00 a.m. for Plaintiff and at 11:00 a.m. for Defendant. The dial-in number is 1-669-254-5252; meeting ID is 160 644 7139; and passcode is 646053. Only the lead attorney from each side[2] should participate.

Dated: November 1, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

[2] The Court expects that the attorneys participating in the telephone discussion will also participate in the settlement conference.